SARAH L. SMITH ET AL *v.* THOMAS B. SMITH'S EXORS.

**Wills—Dower—Words and Phrases.**

> By the word "dower" is meant the widows legal portion in both kinds of an estate, real and personal.

APPEAL FROM FLEMING CIRCUIT COURT.

June 25, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

It seems to this court that, considering the separate provisions as illustrated by the context, the testator's entire intention is quite plain.

The first clause imports that, the previous gift of the life policy of insurance, being imperfect, the testator intended to recognize and confirm it as an advancement to the accounted for as such in the distribution, and, consequently, to be treated as no portion of the distributable fund.

The same intent is even more manifest as to the $32.00 advanced a short time before the publication of the will.

Whether the land, when sold under testamentary authority with the widow's consent, should be considered as personalty or realty is not material; because, by the word "dower" the testator evidently intended the widow's legal portion in both kinds of estate, and, as such, devised her whole interest to her children after her death, and it would be inconsistent with the letter of the will and the testator's notion of equality to allow to those devisees. a remainder interest during the widow's life, any more than to charge some advancements excepted by the will and the bequests of the piano, two cows, and horse and buggy specifically bequeathed, as not chargeable, in the distribution. Concurring, as we do, in all the conclusions of the circuit judge, his judgment is *affirmed.*

*Phister, for appellant.*

*Botts, for appellee.*