## Swearingen v. Swearingen's Ex'x et al.

April 16, 1946.

108

J. E. Hutchins for appellant.

Harry N. Lukins for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The principal question involved in this appeal is the interpretation of the following provision of the will of Grover Cleveland Swearingen, deceased: "Item. I give, devise, and bequeath to my beloved wife Mary my entire estate for the balance of her life, ~~and at her death it shall go to my children, if there should be any providing~~, she never marries and if she does marry, and I have left any children those children shall receive the income from said estate and this income shall be used to keep & school those children, and when they are twenty five years of age and at that time they shall have entire possession of estate excepting her dower, should my beloved wife never marry she shall hold entire estate so long as she may live and at her death this estate shall go to my children, or my nearest relative, excepting her dower which she may do as she may wish with that I do here by nominate my Sister Laura to be the executor of this will and testament, and I do hereby nominate my said wife Mary to be guardian over any minor children that I may leave."

The will was written in 1935. Mr. Swearingen died in 1943, without issue. He left surviving him his wife, the appellant, Mary E. Swearingen, and the appellees, a sister, Mrs. Laura S. Hofstatter, executrix of his estate, and his mother, Mrs. Anna L. Swearingen. The contention of the appellees, which was upheld by the chancellor, is that the appellant is entitled to the income from

the entire estate during her life, or until she remarry, and to a one-third interest for life in the real estate. The appellant contends, on the other hand, that she is entitled to have determined and set aside to her now, under KRS 392.020, a one-third interest in the realty for life and a one-half interest in the personalty, and also that she is entitled to the income from the remainder of the estate for life, or until she remarry. In reaching his conclusion the chancellor accepted the technical definition of the term "dower" used in Mr. Swearingen's will as meaning only an interest in realty. Generally speaking, as pointed out in 17 Am. Jur., Dower, section 2, the term "dower" is used in referring only to an interest in realty; but there are decisions referred to in that text to the effect that dower refers to both an interest in realty and in personalty. In 28 C. J. S., Dower, sec. 13, it is said that dower may stand so connected in a will as to relate to the widow's share of personalty as well as her share of the realty, or, on the other hand it may be used in its technical sense. As we have noted, our statute sets aside to the wife a one-third interest in the real property left by her husband for life and also an absolute interest in one-half of his personalty. In support of the chancellor's ruling it may be said that other sections of our statutes refer to the wife's dowable interest and distributable interest in her husband's estate. This might be construed as indicating that the legislature has defined a dower interest as applying only to an interest in realty. There is an early decision of this Court, however, which holds that a dower interest includes both an interest in realty and personalty. Smith v. Smith's Ex'rs, 3 Ky. Op. 642.

It must not be overlooked, however, that we are construing a will and are not, therefore, primarily concerned with technical definitions of legal terms. Our problem is to determine the character of estate which Mr. Swearingen intended to leave his wife. Our decisions are numerous to the effect that we look to the will as a whole, with the view of ascertaining the intent of the maker. Technical definitions of legal terms and rules of construction must give way to this cardinal principle. We have noted that Mr. Swearingen left no children, so we are not concerned with that part of his will. But, even in the event there had been surviving children, Mrs. Swearingen was still to receive her dower interest. Also, there

is the further provision in the will that, at the time of Mrs. Swearingen's death, there being no children, the entire estate is to go to Mr. Swearingen's nearest relatives "excepting her dower which she may do as she may wish with." To accept the contention of the appellees would make the provision of the will just quoted virtually meaningless, because the only thing which Mrs. Swearingen could do with her dower interest, if it be considered only an interest in real estate, would be to use it for life, or to sell it. Furthermore, she would be getting less than she is entitled to under the statute. But, if the broader interpretation of dower be taken in connection with other provisions of the will, as we think it should, the appellant could handle her interest in the real estate as heretofore mentioned, and also could use for her own benefit her one-half interest in the personalty and which she could dispose of by sale or will as she might desire.

We gather from the chancellor's opinion that he was of the view the appellant could devise what would represent a one-third interest for life in the real estate of Mr. Swearingen, calculated as of the day of his death; but in this he is in error, because a dower interest in real estate is the right of the wife to use one-third of her deceased husband's real estate for life. At her death the interest is extinguished.

It follows from what has been said that the judgment should be and it is reversed, with directions to set it aside and for the entry of a judgment consistent with this opinion.